### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JULIAN A. BELL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 8030 |
| | ) | |
| **COOK COUNTY MUNICIPALITY**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This pro se action was brought by Julian Bell ("Bell") against a number of defendants on his claim that his constitutional rights had been violated while he was a pretrial detainee at the Cook County Department of Corrections ("County Jail"). That claim for relief was based on defendants' asserted deliberate indifference to Bell's serious medical needs, actionable under 42 U.S.C. § 1983 ("Section 1983") and the line of cases that began with the seminal decision in Estelle v. Gamble, 429 U.S. 97 (1976). For that purpose Bell has utilized three Clerk's-Office-supplied forms: a "Complaint Under the Civil Rights Act, Title 42 Section 1983" (the "Complaint"), an In Forma Pauperis Application (the "Application") and a Motion for Attorney Representation (the "Motion"). This memorandum order is being issued sua sponte to address a number of matters that require early attention.[1]

---

[1] This memorandum order expresses no views as to the substantive viability of Bell's claim against any of the defendants -- it focuses only on the procedural matters dealt with in the ensuing text.

First, by the time Bell filed this action he had been transferred to Stateville Correctional Center ("Stateville").[2] Because this Court's initial responsibility in a case such as this is to deal with the Application in the manner called for by 28 U.S.C. § 1915, in this instance Bell has rendered that difficult because of a statement contained in his hand-printed Note C that follows (but is made part of) the Complaint itself.[3] Bell states there that he has asked Stateville personnel to provide funds from his trust fund account to pay the filing fee, but he then says that he has received no response and goes on to say "you may charge my court costs to TCF Bank where my account is or Social Serity[sic] Office."

That last statement suggests that Bell has funds that could be used to pay the required $400 filing fee (his Application lists no dependents and states that he receives $750 in social security benefits twice a month). But that possibility cannot be explored without some further explanation from Bell, and unfortunately he has provided no address other than Stateville in any of his papers -- and on that score Note C concludes by stating "I leave this prison 8-13-2016."

That leaves this Court unable to deal with either the Application or the Motion pending further word from Bell. Moreover, Bell's filing is silent as to his compliance or noncompliance with 42 U.S.C. § 1997e(a), which requires any prisoner in custody (such as Bell) to exhaust

---

[2] Although the Complaint was originally signed and dated on July 25, 2016, while Bell was still in custody at the County Jail, a second signature page has been filed as well, this time bearing his post-transfer address at Stateville and dated August 5. Because all of Bell's papers were received in this District Court Clerk's Office on August 10, it is fair to consider some date in the August 5 to 8 range as the date of "filing" under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988).

[3] Bell, whose filings reflect that he is hardly a stranger to the federal courts, has seen fit to include in his 14-page Dkt. No. 1 not only the Complaint itself but also three "Notes" labeled A, B and C.

- 2 -

"such administrative remedies as are available" before any action such as this one can be brought under Section 1983.

With all of the problems identified here being incapable of handling until Bell chooses to communicate with this District Court, all that this Court can do is to have this memorandum order docketed. If nothing further is heard from Bell on or before August 29, this action will be dismissed without prejudice.

_____

Milton I. Shadur
Senior United States District Judge

Date: August 18, 2016