IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JULIAN A. BELL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 8030 |
| | ) |
| **COOK COUNTY MUNICIPALITY**, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENT TO MEMORANDUM ORDER

This Court's October 13 memorandum order dismissed both the Complaint and this action initiated by pro se plaintiff Julian Bell ("Bell") because of his continuing failure "to address a number of matters that require early attention," a subject first broached in this Court's August 18, 2016 memorandum order ("Order I"). When Bell's Complaint and related papers had been received in the Clerk's Office on August 10, 2016 he was in custody at Stateville Correctional Center, although Note C attached to his Complaint stated "I leave this prison 8-13-2016." Unfortunately Bell furnished no other information as to where he could be reached after that release, so that Order I (which it will be remember was issued on August 18) had to conclude with this paragraph:

> With all of the problems identified here being incapable of handling until Bell chooses to communicate with this District Court, all that this Court can do is to have this memorandum order docketed. If nothing further is heard from Bell on or before August 29, this action will be dismissed without prejudice.

Bell then submitted a brief "Note: to the Court and Clerk of the Court" (prepared by him on August 27 and received in the Clerk's Office on August 31) that belatedly provided a P.O. Box No. as his current mailing address. Again unfortunately, the Clerk's Office compounded

Bell's error by adding one of its own -- it failed to take cognizance of the new mailing address. Hence this Court had to issue its Order III on September 23 that concluded "by ordering him to file a response curing those deficiencies on or before October 10, failing which this Court would be constrained to dismiss Bell's Complaint and this action for want of prosecution."

It was Bell's failure, despite that warning, to file anything at all in response to the deficiencies that this Court had spelled out for him that led to this action's October 13 dismissal for want of prosecution. But this Court's subsequent (and final) review of the file has reminded it that Bell had originally tendered, along with his Complaint, two other Clerk's-Office-supplied documents: an In Forma Pauperis Application ("Application," Dkt. No. 3) and a Motion for Attorney Representation ("Motion," Dkt. No. 4). Because those two entries remain open on the case docket, this supplement to the October 13 memorandum order addresses them.

As for the Motion, it is of course rendered moot by the dismissal of this action, and this Court so orders. But as to the Application, Bell's and this Court's respective responsibilities under 28 U.S.C. § 1915 ("Section 1915") would normally call for a calculation of Bell's ongoing obligation to pay the filing fee in installments. But with Bell having been released from custody just a few days after this action was filed, so that the Section-1915-mandated pattern of payments out of his prison trust fund account cannot be employed, the result would be that Bell would now be saddled with an obligation to pay the full filing fee out of his own assets whenever he could be pursued for such payment.

That result would scarcely seem just, considering the fact that if Bell had brought this action only a few days later (remember that his Complaint Note C said "I leave this prison 8-13-2016") he would have qualified for full-fledged in forma pauperis treatment, and his payment of the filing fee would not have been required to begin with. Under the circumstances,

this Court will not wreak undue hardship on Bell, and the Application (like the Motion) is also denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 18, 2016